H. WARD FONTENOT, Judge Pro Tern.
This case is for personal injuries arising out of an automobile accident. A jury found liability in favor of the plaintiff and awarded damages. Plaintiff complains on appeal that the award was inadequate. That is the sole issue for review.
The accident occurred on January 13, 1982. The plaintiff was first treated by Dr. David E. Bourgeois, a general practitioner. Following a clinical examination, including x-rays, it was Dr. Bourgeois’ finding that plaintiff had suffered a strain of soft tissue. He treated the plaintiff through February and March of that year with pain relievers and relaxants. By April, it was the doctor’s opinion that plaintiff had recovered from the sprain. Dr. Bourgeois felt that his initial diagnosis was confirmed. He further concluded that there was no residual disability or remaining effect from the automobile accident injury.
Three (3) orthopedic surgeons examined the plaintiff before the trial date, two of whom testified by deposition for the jury.
Dr. Lewis C. Blanda saw the plaintiff on two occasions: in July of 1983 and in February of 1984. In reviewing his findings for the jury, he also related and explained the results of cat scan examinations by a radiologist. Dr. Blanda also concluded that the injury suffered by the plaintiff was limited to soft tissue and that there was no support for a diagnosis of an injury to an intervertebral disc. A disc “bulge” in plaintiff’s vertebra at position L5-S1 was evaluated as giving no cause for alarm and was considered to be a “normal variant.” Dr. Blanda said that the references in office reports to the patient’s pain were not objective findings but were based upon the plaintiff’s assertions. The best explanation which Dr. Blanda felt he could offer for the lingering complaints was a degeneration of intervertebral spaces caused by spondylo-listhesis. This latter pathology, he explained, was congenital and was not related to the accident. He would not speculate whether the condition could become symptomatic as a result of a trauma like the automobile accident of 1982.
Dr. James Charles McDaniel had the opportunity to examine the plaintiff both before and after the said automobile accident. Dr. McDaniel had first examined the plaintiff as a result of an employment-related accident involving the same general area of the spine. His comparison of x-rays from 1981 and 1983 indicated no change in the cervical interspaces. He explained that the absence of any radicular pain among the plaintiff’s symptoms indicated that the “bulge” detected at L5-S1 was creating no nerve impingement. His conclusion supported that of Dr. Bourgeois’ in that the sprain suffered by the plaintiff was limited to soft tissue and had resulted in no residual effect. Any physical limitations to which he found the plaintiff subjected were within the normal expectations for someone of plaintiff’s age.
Plaintiff’s counsel urges that the uncon-tradicted testimony of the plaintiff and his wife regarding plaintiff’s complaints of pain invokes the principle enunciated in Alexander v. Leger, 423 So.2d 731 (La.App. 3rd Cir.1983), writ denied, 430 So.2d 75 (La.1983). It was stated therein that the trier of fact is not entitled to a presumption of correctness if its findings reject uncon-tradicted evidence for no reason apparent from the record. That principle is not applicable here.
*1088 First, as has been discussed, the medical evidence does not explain why the plaintiff should still be experiencing pain as a result of the automobile accident. As a second contradiction to plaintiff’s testimony, the jury was presented with his work history which was not always consistent with his complaints of disabling pain. Although the plaintiff was unemployed at the time of trial, the discharge from his last job was clearly not related to any medical condition.
The jury returned a verdict awarding the plaintiff the sum of $5,750.00. There was no breakdown as to general and special damages. Plaintiff argues that he has proven medical expenses of $3,665.00 and, therefore, the balance representing general and other special damages is grossly inadequate. Plaintiff’s error lies in his assumptions of what has been proved to the jury. The jury award could be analyzed on the assumption that only the medical expense resulting from the examination and treatment by Dr. Bourgeois was related to the automobile accident. These charges to-talled $751.00. If it is accepted that Dr. Bourgeois’ bill comprised the special damage award, it can be seen that the general damages would total $5,000.00. This would relate to the discomfort suffered by the plaintiff for the muscle sprain of his neck and his lower back with symptoms extending over a four (4) month period at the maximum. Such an award is not an abuse of discretion by the jury and will not be disturbed by the reviewing court. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
There is no basis to disturb the award in this case. For the above and foregoing reasons, the judgment of the district court is affirmed at appellant’s cost.
AFFIRMED.